## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>                    Plaintiff,<br><br>     vs.<br><br>J. MARSHAL, *et al.*,<br><br>                    Defendants. | Case No.: 2:09-cv-00559-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Summary Judgment–#25;<br>Motion to Amend Complaint–#31;<br>Motion to Amend Opposition–#37;<br>Motion to Strike–#41;<br>Motion to Supplement Opposition–#49;<br>Motion to Supplement Opposition–#51;<br>Motion to Strike–#56) |

Before the Court is Defendants Joseph Marshall (improperly named as "J. Marshal") and Ty Mungie's **Motion for Summary Judgment** (#25, filed Jan. 5, 2011). The Court has also considered Plaintiff Frederick Marc Cooley's Opposition (#30, filed Jan. 31, 2011), and Marshall and Mungie's Reply (#36, filed Feb. 17, 2011).

Also, before the Court is Cooley's **Motion for Leave to File Second Amended Complaint** (#31, filed Jan. 31, 2011). The Court has also considered Marshall and Mungie's Opposition (#35, filed Feb. 17, 2011), and Cooley's Reply (#39, filed Mar. 1, 2011).

Also, before the Court is Cooley's **Motion to File His First Amended Opposition to Defendants Motion for Summary Judgment** (#37, filed Feb. 22, 2011). Defendants did not file an opposition.

1

AO 72
(Rev. 8/82)

1    Also, before the Court is Marshall and Mungie's **Motion to Strike** (#41, filed Mar.
2    11, 2011), requesting that the Court strike Cooley's Motion to File His First Amended Opposition
3    to Defendants' Motion for Summary Judgment.  The Court has also considered Cooley's
4    Opposition (#44, filed Mar. 25, 2011).  Marshall and Mungie did not file a reply.
5    Also, before the Court is Cooley's **Motion to Supplement His First Amended**
6    **Opposition to Defendants' Motion for Summary Judgment** (#49, filed Apr. 6, 2011).  The
7    Court has also considered Marshall and Mungie's Opposition (#52, filed Apr. 15, 2011).  Cooley
8    did not file a reply.
9    Also, before the Court is Cooley's **Second Motion to Supplement His First**
10   **Amended Opposition to Defendants' Motion for Summary Judgment** (#51, filed Apr. 13,
11   2011).  The Court has also considered Marshall and Mungie's Opposition (#54, filed Apr. 29,
12   2011).  Cooley did not file a reply.
13   Finally, before the Court is Marshall and Mungie's **Motion to Strike** (#56, filed
14   May 27, 2011), requesting that the Court strike Cooley's Second Amended Opposition (#55).  The
15   Court has also considered Cooley's Opposition (#57, filed June 3, 2011).  Marshall and Mungie
16   did not file a reply.

17                              **BACKGROUND**

18   This dispute arises out of Cooley's allegations that he was searched, arrested, and
19   imprisoned in violation of both the United States and Nevada Constitutions.  Cooley alleges the
20   following facts in support of his claims.  Sometime after 11:00 pm on March 13, 2009, Cooley was
21   walking eastbound on Fremont Street towards Maryland Parkway in Las Vegas, Nevada.  When
22   the pedestrian signal turned green he used the crosswalk to cross Maryland Parkway.  Officers
23   Joseph Marshall and Ty Mungie from the Las Vegas Metropolitan Police Department ("LVMPD")
24   were on bicycles heading westbound on Fremont Street, towards Cooley.  Marshall and Mungie
25   approached Cooley as he crossed Maryland Parkway and signaled for him to stop by using LED
26   ///

bike lights. Marshall and Mungie then dismounted their bikes and placed Cooley in handcuffs so that they could pat him down.

Marshall and Mungie then informed Cooley that he was being arrested for failing to obey the crosswalk signal, and they eventually placed him in the back of a police van brought to the scene by other LVMPD officers. While still sitting in the van at the scene, Cooley claims he observed one of the pedestrian signals was malfunctioning. Specifically, he noticed that the westbound pedestrian signal—the signal that Marshall and Mungie would have seen as they were riding towards Cooley—always stayed red, even while the traffic signal in the same direction would be green and the eastbound pedestrian signal was green. Thus, according to Cooley, Officers Marshall and Mungie mistakenly thought he was crossing on a red pedestrian signal because the pedestrian signal they were observing (the westbound signal) stayed red even though the eastbound signal was green. Cooley told an unidentified LVMPD officer that the crosswalk signal was defective. The officer investigated the signal and allegedly confirmed that Cooley was correct. Cooley was nevertheless transported to the Las Vegas City Jail where he was detained for several days.

Cooley filed suit with this Court on March 25, 2009, against Officers Marshall and Mungie, as well as several others involved with his detention at the Las Vegas City Jail. His amended complaint (#23) asserts the following four causes of action: (1) Fourth Amendment Unreasonable Search and Seizure; (2) Fourth Amendment False Arrest; (3) Fourteenth Amendment; and (4) False Imprisonment under Article 1, section 18 of the Nevada Constitution. Officers Marshall and Mungie subsequently filed a motion for summary judgment. Cooley filed an opposition to that motion, as well as a motion to amend the opposition (#37), two motions to supplement the opposition (## 49, 51), and a second amended opposition (#55). Marshall and Mungie then filed two motions to strike (## 41, 56), one directed toward Cooley's motion to amend his opposition and the other toward Cooley's second amended opposition. Cooley then filed a motion to amend his complaint (#31) and six months later—while that motion was still

3

pending—he filed a third amended complaint (#58) without seeking leave of the Court. The third amended complaint is noticeably different from the proposed amended complaint attached to his motion to amend. Several other Defendants have filed a motion to strike Cooley's third amended complaint, but that motion has not been fully briefed. For the reasons discussed below, the Court grants Cooley's motion to amend his complaint and denies all of his other motions. The Court grants Marshall and Mungie's motion for summary judgment in part and denies in part, and grants all of their other motions.

## DISCUSSION

### I. Motions to Amend

#### a. Legal Standard

A party may amend a pleading once "as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). If, however, "the pleading is one to which a responsive pleading is required," a party may amend the pleading within 21 days after service of the responsive pleading, or 21 days after service of a motion brought under Rule 12(b), (e), or (f), whichever occurs earlier. Fed. R. Civ. P. 15(a)(1)(B). After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). The court should grant leave to amend "when justice so requires." *Id*. Nonetheless, courts may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

#### b. Analysis

##### 1. Cooley's Third Amended Complaint

On June 30, 2011, Cooley filed his third amended complaint (#58), naming several new Defendants, removing most of the Defendants named in the operative complaint (#23, Amended Complaint), expanding the scope of his factual allegations, and apparently adding a

4

claim for intentional infliction of emotional distress. Interestingly, Cooley filed his third amended complaint even though his Motion for Leave to File a Second Amended Complaint (#31)—the motion discussed immediately below—was still pending. More importantly, however, Cooley filed his third amended complaint without first seeking leave of the Court or by the Defendants' written consent. He presumably believes that he still has the right to amend his complaint as a matter of course under Rule 15(a)(1). He is mistaken.

On October 11, 2010, Officers Marshall and Mungie served their answer to the operative complaint on Cooley, and the other Defendants served theirs on February 9, 2011. Therefore, Cooley's right to amend his complaint as a matter of course expired no later than March 2, 2011. However, Cooley filed his third amended complaint on June 30, 2011. As such, more than 21 days elapsed from the time Defendants served Cooley with their answers to the time Cooley filed his third amended complaint. Because Cooly filed his third amended complaint (#58) without first seeking leave of the Court or Defendants' written consent, the Court orders, *sua sponte*, that it be stricken for failure to comply with Rule 15(a). Consequently, the motion to strike Cooley's third amended complaint—which has not been fully briefed—is denied as moot.

## 2. Cooley's Motion to Amend Complaint

On January 31, 2011, Cooley *properly* sought leave to file a second amended complaint. Cooley attempts to add the Las Vegas Metropolitan Police Department as a Defendant ("LVMPD"). Cooley argues that he is required to add LVMPD to his complaint under NRS 41.0337, which states, "[n]o tort action arising out of an act or omission within the scope of a person's public duties or employment may be brought against any present or former . . . [o]fficer or employer of . . . any political subdivision . . . unless the . . . appropriate political subdivision is named a party defendant . . . ." Cooley has asserted a claim against Marshall and Mungie under Article I, section 18 of the Nevada State Constitution, for conduct arising out of their duties as polices officers. Accordingly, he seeks to add LVMPD to that claim in order to comply with NRS 41.0337.

1    Officers Marshall and Mungie argue that the motion is untimely because the time
2  for filing a motion to amend has expired under the scheduling order issued by the Court on June
3  14, 2010.  However, the Court has since issued another scheduling order extending the deadline
4  for filing a motion to amend (Dkt. #48).  Cooley's motion was filed before that new deadline.
5  Officers Marshall and Mungie also argue that they would be prejudiced if Cooley's motion is
6  granted because both they and LVMPD will need to conduct significant discovery to defend
7  against Cooley's § 1983 municipal liability claim against LVMPD.  However, Cooley is not
8  asserting a § 1983 municipal liability claim against LVMPD so no new discovery need occur.
9  Therefore, seeing no other reason why leave should not be freely given, the Court grants Cooley's
10  motion.

11    **3.    Cooley's Notice Positively Identifying Defendant "Jane Doe"**

12    "As a general rule, the use of a fictitious name to identify a defendant is not favored
13  in the Ninth Circuit; however, it is permissible where the identity of the alleged defendant is not
14  known at the time of the filing of the complaint.  In such circumstances, the plaintiffs should be
15  given an opportunity through discovery to identify the unknown defendant." *Swartz v. Gold Dust*
16  *Casino*, 91 F.R.D. 543, 546 (D. Nev. 1981) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th
17  Cir. 1980)).  Once the identity of the unknown defendant is discovered, plaintiff may amend his
18  complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  *Nible v. Knowles*, 1:06-cv-
19  01716-OWW-DLB-P, 2008 U.S. Dist. LEXIS 66080, *5-6 (E.D. Cal. Aug. 4, 2008).  In addition,
20  making a technical change concerning a party's name is also properly accomplished under Rule
21  15(a).  *Jones v. Louisiana*, 74 F.2d 1183, 1186 (5th Cir. 1985).

22    Cooley's Second Amended Complaint names "Jane Doe" as a Defendant.  It further
23  states that "Jane Doe" is employed as a correctional officer for the Las Vegas City Jail.  Cooley
24  has now filed a notice identifying Defendant "Jane Doe" as Jennifer Woods.  In addition, Cooley's
25  Second Amended Complaint names "C. Polinenker" as a Defendant.  Cooley's notice also
26  attempts to correct the spelling of this Defendant's name to "Christopher Plotkin."  However, in

AO 72
(Rev. 8/82)

order to accomplish either change Cooley must seek leave from the Court to amend his complaint, and he has not done so.  He did attempt to make both changes when he filed his Third Amended Complaint; however, the Court has stricken his Third Amended Complaint for failure to comply with Rule 15.  The Court now strikes Cooley's Notice Positively Identifying Defendant "Jane Doe" and Christopher Plotkin (#42) for failure to comply with Rule 15.

### 4.     Cooley's Motion to Amend His Opposition and his Third Amended Opposition; Marshall and Mungie's Motions to Strike

On January 31, 2011, Cooley filed his opposition to Marshall and Mungie's motion for summary judgment.  However, a few days after Marshall and Mungie filed a reply, Cooley filed a motion to amend his opposition under Rule 15 (Dkt. #37) in an attempt to address Marshall and Mungie's qualified immunity defense.  Cooley even attached a "First Amended Opposition" to this motion.  On May 3, 2011, Cooley also filed a "Third Amended Opposition" pursuant to Rule 15, attempting to include arguments regarding false imprisonment and emotional distress that he mistakenly did not make in his original opposition.  However, Rule 15 provides a mechanism to amend a *pleading*, and an opposition to a motion is not a pleading.  *See* Fed. R. Civ. P. 7(a); *see also* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1475.  This Court will not condone Cooley's attempt to improperly use Rule 15 to rebut Marshall and Mungie's reply.  Therefore, Cooley's motion to amend his opposition is improper and the Court grants both of Marshall and Mungie's motions to strike (##41, 56).

### 5.     Cooley's Motions to Supplement His First Amended Opposition

As stated above, Cooley filed a motion to amend his opposition and attached to it a "First Amended Opposition."  While this motion to amend was still pending, Cooley filed two motions to supplement the "First Amended Opposition" pursuant to Rule 15(d), which allows a party to supplement a pleading.  The Court denies both of these motions to supplement.  First, the Court has already stricken Cooley's motion to amend, and, consequently, the attached "First Amended Opposition."  Thus, a motion to supplement an already stricken document is moot.

1  Second, Rule 15(d) allows a party to supplement a pleading, and, as stated above, an opposition to
2  a motion is not a pleading under Rule 7(a).  Therefore, the Court denies both of Cooley's motions
3  to supplement his opposition as moot.

4  **II.      Defendants' Motion for Summary Judgment**

5  As a result of the analysis above, the operative complaint in this case is now
6  Cooley's Second Amended Complaint, which is attached to his motion to amend (#31).  Although
7  Marshall and Mungie's motion for summary judgment was directed towards Cooley's Amended
8  Complaint (#23), the Court will nevertheless analyze their motion against the Second Amended
9  Complaint because the only amendment was the addition of LVMPD.  Additionally, because all of
10 Cooley's attempts to amend his opposition have failed, the Court will only consider his original
11 opposition (#30) in this analysis.

12       **a.      Summary Judgment Legal Standard**

13 The purpose of summary judgment is to avoid unnecessary trials when there is no
14 dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d
15 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when "the pleadings, the discovery
16 and disclosure materials on file, and any affidavits show there is no genuine dispute as to any
17 material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).
18 An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder
19 could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the
20 suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).
21 Where reasonable minds could differ on the material facts at issue, however, summary judgment is
22 not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "The amount of
23 evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to
24 resolve the parties' differing versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d
25 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89
26 (1968)).  In evaluating a summary judgment docnt motion, a court views all facts and draws all

AO 72
(Rev. 8/82)

inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

    **b.**    **Analysis**

        **1.**    **Fourth Amendment Claims**

The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures by the government. U.S. Const. Amend. IV. However, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). "Probable cause exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S.

1  160, 175–76 (1949) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).  Once an officer
2  has made a lawful arrest, the officer may conduct a search of the arrestee's person and area of
3  control.  *United States v. Robinson*, 414 U.S. 218, 224 (1973).

4  Cooley asserts two Fourth Amendment causes of action against Marshall and
5  Mungie in his Second Amended Complaint (#31).  Count one is for unreasonable search and
6  seizure and count two is for false arrest.  Cooley essentially alleges that Marshall and Mungie
7  engaged in five distinct acts of unconstitutional conduct: (1) initially stopping Cooley without
8  probable cause; (2) placing him in handcuffs; (3) conducting a pat down search of his person; (4)
9  detaining him at the scene in the police van; and (5) transporting him to the Las Vegas City Jail.
10  However, Cooley does not specify which of these alleged acts falls within each count.  Therefore,
11  instead of analyzing each claim separately, the Court will analyze both claims together by
12  reviewing each of the five alleged acts against the relevant Fourth Amendment requirements.

### A. The Initial Stop

14  Cooley alleges that once he crossed Maryland Parkway Marshall and Mungie
15  approached him on their bikes, turned on their LED bike lights, and asked him to stop.  Cooley
16  claims this initial stop was unconstitutional because Marshall and Mungie did not have probable
17  cause to stop him.  However, the evidence presented demonstrates that they did have probable
18  cause.  Shortly after the arrest Marshall filled out a police report which states that as he and
19  Mungie were on bike patrol they saw "Cooley walk[ing] eastbound across Maryland Pkwy on the
20  south side of Fremont on a red hand passing another citizen waiting for the walk sign."  Marshall
21  does not clarify in this report whether the red hand that he observed was on the eastbound or
22  westbound signal.  However, even assuming that Marshall could only observe the westbound
23  signal from his position, the report still supports a showing of probable cause because an officer of
24  reasonable caution would assume that if the westbound pedestrian signal was displaying a red
25  hand then the eastbound pedestrian signal would be as well.  Therefore, Marshall and Mungie
26  ///

would have probable cause that Cooley violated NRS 484B.283(4)(b), which makes it unlawful for a pedestrian to cross a street while the "Don't Walk" light (*i.e.*, a red hand) is on.

Cooley alleges that the westbound pedestrian signal was malfunctioning at the time of the incident. Specifically, he alleges that while both the westbound traffic signals and the eastbound pedestrian signal were green, the westbound pedestrian signal would remain red. Cooley claims that Marshall and Mungie mistakenly thought the eastbound pedestrian signal was also red, when in fact it was green. Marshall and Mungie, however, were not aware of this alleged malfunction at the time of the initial stop because Cooley did not point it out to anyone with the LVMPD until after he was placed in the police van. Therefore, Marshall and Mungie cannot be held accountable for a malfunction that they were not aware of at the time of the initial stop. *See Beck v. Ohio*, 379 U.S. 89, 92 (1964) (constitutionality of arrest depends upon facts and circumstances within officers knowledge "at the moment of arrest"). Accordingly, the Court finds that, based on the evidence presented, no reasonable jury could find Marshall and Mungie lacked probable cause to conduct the initial stop of Cooley for crossing on a red light. The Court therefore grants Marshall and Mungie's motion for summary judgment as to this conduct.

### B.    Cooley Placed in Handcuffs

Cooley also alleges that Marshall and Mungie violated his Fourth Amendment rights by placing him in handcuffs after the initial stop. However, if a law enforcement officer has probable cause that a person commits even a minor crime in his presence then the officer may lawfully arrest that person. *Atwater*, 532 U.S. at 354. And the evidence presented to the Court demonstrates that, at the time they handcuffed Cooley, Marshall and Mungie had probable cause he had committed a traffic violation. Similarly, there is no evidence that, at the time they handcuffed Cooley, Marshall and Mungie knew their probable cause was based on an allegedly malfunctioning pedestrian signal. Accordingly, the Court grants Marshall and Mungie's motion for summary judgment as to this conduct as well.

///

### C. Cooley Searched

Cooley alleges that after he was handcuffed Mungie conducted a pat down search of his person. Cooley claims that the pat down search violated his right to be free from unreasonable searches. However, an officer may conduct a search of a person incident to a lawful arrest. *United States v. Robinson*, 414 U.S. at 224. Therefore, because the Court finds that the evidence produced demonstrates that Cooley's arrest was lawful, *i.e.*, Marshall and Mungie had probable cause to arrest him for violation of Nevada's traffic laws, the contemporaneous pat down search of Cooley's person did not violate Cooley's Fourth Amendment right to be free from unreasonable searches. Accordingly, the Court grants Marshall and Mungie's motion for summary judgment for this conduct as well.

### D. Detaining Cooley in the Police Van and Transporting him to Jail

Cooley alleges that after he was searched, Marshall and Mungie placed him in the back of a police van and eventually transported him to jail. He alleges this conduct violated his Fourth Amendment right to be free from unreasonable seizures. However, as stated above, federal law permits a law enforcement officer to take a person into custody if there is probable cause that the person committed a minor crime in his presence, *Atwater*, 532 U.S. at 354, and, as previously stated, the evidence produced demonstrates that Marshall and Mungie had probable cause.

At some point during Cooley's detention in the police van he allegedly informed an officer with the LVMPD that the westbound pedestrian signal was malfunctioning. This unidentified officer allegedly conducted a brief investigation of the signals and confirmed that Cooley was correct. Cooley seems to argue that once Marshall and Mungie discovered that the pedestrian signal was malfunctioning they should have released him. Thus, according to Cooley, his detention in the van should have ended and he should not have been taken to jail.

However, Cooley provides no evidence to support his allegations. First, there is no evidence the pedestrian signal at issue was malfunctioning, or, at the very least, not synchronized with the traffic signals. To the contrary, the public records request that Cooley made for the

1   Fremont Street and Maryland Parkway intersection shows only routine and preventative
2   maintenance was performed on the signals since the date of the incident.  In addition, even if the
3   unidentified officer did confirm that Cooley correctly observed that the signals were
4   malfunctioning, there is no evidence the officer relayed that information to Marshall and Mungie.
5   Therefore, because Cooley provides no evidence that Marshall and Mungie kept him in custody
6   and transported him to jail despite being made aware of an allegedly malfunctioning pedestrian
7   signal, the Court grants Marshall and Mungie's motion for summary judgment as to this conduct
8   as well.
9           In sum, Cooley has provided no evidence to support his Fourth Amendment
10  allegations.  Accordingly, the Court grants Marshall and Mungie's motion for summary judgment
11  as to counts one and two of Cooley's complaint.

12          **2.      Fourteenth Amendment Claim**

13          In count four of Cooley's Second Amended Complaint (#31) he alleges that "the
14  Fourteenth Amendment of the United States Constitution was violated," but he does not say how.
15  Because Cooley alleges no facts that would support a Fourteenth Amendment violation, the Court
16  assumes he is invoking it only to formally recognize that the Fourth Amendment's search and
17  seizure protections have been incorporated to apply against the states via the Fourteenth
18  Amendment.  *Wolf v. Colorado*, 338 U.S. 25 (1949).  But even if Cooley intends to assert an
19  independent claim under the Fourteenth Amendment, he has provided no evidence in support of
20  such a claim.  Accordingly, the Court grants Marshall and Mungie's motion as to this claim as
21  well.

22          **3.      Article 1, Section 18 of the Nevada Constitution**
23                  **A.      Liberal Construction of Cooley's Claim**

24          "In civil rights cases, where the plaintiff is pro se, we have an obligation to construe
25  the pleadings liberally and to afford the plaintiff the benefit of any doubt."  *King v. Atiyeh*, 814
26  F.2d 565, 567 (9th Cir. 1987).  Count three of Cooley's Second Amended Complaint vaguely

1  states, in its entirety, "Plaintiff's right guaranteed by Article 1, section 18 of the Nevada State
2  Constitution not to be falsely imprisoned was violated." (Dkt. #31). Cooley is more specific in his
3  opposition to Marshall and Mungie's motion for summary judgment. He argues that Marshall and
4  Mungie violated his rights under Article 1, section 18 by abusing their discretion under NRS
5  484A.730, which gives law enforcement officers discretion to either issue a citation or make an
6  arrest when a person violates a traffic law. Cooley does not mention NRS 484A.730 in his Second
7  Amended Complaint, or any of his previous complaints for that matter. Nevertheless, Marshall
8  and Mungie had a sufficient opportunity to respond to Cooley's arguments in their reply.
9  Therefore, the Court will liberally construe count three of Cooley's Second Amended Complaint
10  as being a claim for abuse of discretion in violation of Article 1, section 18 of the Nevada
11  Constitution.
12        Cooley also attempts to assert a false imprisonment claim in his opposition, which
13  seems natural because he actually uses the phrase "falsely imprisoned" in count three of his
14  Second Amended Complaint. However, false imprisonment is a state common law tort claim,
15  *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981), not a state constitutional claim, and
16  count three is clearly based on Article 1, section 18 of the Nevada Constitution. Cooley is
17  apparently using state tort law language (*i.e.*, falsely imprisoned) to describe his alleged state
18  constitutional violations. And regardless of what Cooley intends the phrase "falsely imprisoned"
19  to mean, it is clear that he believes it is a right guaranteed by Article 1, section 18 of the Nevada
20  Constitution. However, as far as the Court is aware, Article 1, section 18 of the Nevada
21  Constitution guarantees a right to be free from unreasonable searches and seizures, not false
22  imprisonments. Nev. Const. Art. 1, § 18. That is, although the facts underlying a violation of
23  Article 1, section 18 could also give rise to a tort law claim for false imprisonment, Article 1,
24  section 18 itself is not the source of such claim. Therefore, even construing count three of
25  Cooley's Second Amended Complaint liberally, as the Court has already done, the Court refuses to
26  ///

AO 72
(Rev. 8/82)

recognize a new, independent state tort claim when Cooley clearly intends count three to be a state constitutional claim. Accordingly, the Court construes count three of Cooley's Second Amended Complaint as an abuse of discretion claim in violation of Article 1, section 18 of the Nevada Constitution.

### B.    Abuse of Discretion

Article 1, section 18 of the Nevada Constitution is almost an exact replica of the Fourth Amendment to the United States Constitution. However, "states are free to interpret their own constitutional provisions as providing greater protections than analogous federal provisions." *State v. Bayard*, 71 P.3d 498, 502 (Nev. 2003). Thus, a search and seizure may violate Article 1, section 18 of the Nevada Constitution even though it is perfectly constitutional under the Fourth Amendment. *Id*.

When a law enforcement officer stops a person for violation of Nevada's traffic laws, NRS 484A.730 gives the officer the discretion to either issue the person a citation or take the person before a magistrate. NRS 484A.730. Law enforcement officers violate Article 1, section 18 of the Nevada Constitution when they improperly exercise their discretion under NRS 484A.730. *Id*. To be proper, an officer's exercise of discretion must be reasonable, which requires both "probable cause that a traffic offense has been committed *and* circumstances that require immediate arrest. Absent special circumstances requiring immediate arrest, individuals should not be made to endure the humiliation of arrest and detention when a citation will satisfy the state's interest." *Id*. (emphasis added). Such "special circumstances" include when an officer has "probable cause to believe other criminal misconduct is afoot." *Id*.

Cooley argues that a reasonable jury could find that Marshall and Mungie improperly exercised their discretion under NRS 484A.730 when they arrested him for violating NRS 484B.283(4)(b). The Court agrees. First, the Court notes that, as stated above, Marshall and Mungie had probable cause that Cooley committed a traffic offense. Therefore, the only unresolved issue for purposes of this claim is whether special circumstances existed that required

AO 72
(Rev. 8/82)

Cooley's immediate arrest.  Marshall and Mungie argue that special circumstances existed because Cooley was hostile with them, using expletives towards them and telling them to take him to jail.  However, the Court finds that a reasonable jury could find this level of hostility would not give Marshall and Mungie probable cause to believe that other criminal activity was afoot, or that any other special circumstances were present.  In fact, a reasonable jury may find that a pedestrian would be upset for being handcuffed and threatened with imprisonment for jaywalking.  Also, the circumstances of Cooley's arrest were hardly anomalous.  Cooley was walking on Fremont Street sometime after 11:00 pm and crossed against a red hand.  Many people walk on Fremont Street after dark, and a number of them jaywalk.  Thus, a jury could reasonably find that neither the circumstances of Cooley's arrest nor his behavior after the arrest would give the officers probable cause to believe that Cooley was involved in some other criminal activity.  Accordingly, the Court denies Marshall and Mungie's motion for summary judgment as to this claim.

### 5.  Punitive Damages

Marshall and Mungie's request that the Court dismiss Cooley's punitive damages claim seems to be limited to Cooley's § 1983 claims (*i.e.*, the two Fourth Amendment claims and the Fourteenth Amendment claim) in that they only cite authority involving § 1983 claims.  However, the Court has granted summary judgment in their favor with respect to those claims, and the only remaining claim is Cooley's state constitutional claim.  Therefore, the Court denies their motion for summary judgment with respect to punitive damages as moot.

**III.  Summary**

The operative complaint in this case is Cooley's Second Amended Complaint (#31).  However, the only remaining claim in the Second Amended Complaint, at least with respect to Marshall and Mungie, is Cooley's abuse of discretion claim under Article 1, section 18 of the Nevada Constitution.

///

///

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Cooley's Motion for Leave to File Second Amended Complaint (#31) is GRANTED. The Court orders the Clerk of Court to enter Cooley's Second Amended Complaint in the docket.

IT IS FURTHER ORDERED that Cooley's Third Amended Complaint (#58) is stricken for failure to comply with Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. The Court orders the Clerk of Court to remove the Defendants named in Cooley's Third Amended Complaint (#58) from the docket and replace them with the Defendants named in Cooley's Second Amended Complaint (#31).

IT IS FURTHER ORDERED that Marshall and Mungie's Motion to Strike Cooley's Third Amended Complaint (#61) is DENIED as moot.

IT IS FURTHER ORDERED that Cooley's Notice Positively Identifying "Jane Doe" and Christopher Plotkin is stricken for failure to comply with Rule 15(a) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Marshall and Mungie's Motion to Strike (#41) is GRANTED. The Court orders the Clerk of Court to strike Cooley's Motion to File His First Amended Opposition (#37).

IT IS FURTHER ORDERED that Marshall and Mungie's Motion to Strike (#56) is GRANTED. The Court orders the Clerk of Court to strike Cooley's Second Amended Opposition (#55).

IT IS FURTHER ORDERED that Cooley's Motion to Supplement His First Amended Opposition (#49) is DENIED as moot.

IT IS FURTHER ORDERED that Cooley's Second Motion to Supplement His First Amended Opposition (#51) is DENIED as moot.

///

AO 72
(Rev. 8/82)

IT IS FURTHER ORDERED that Marshall and Mungie's Motion for Summary Judgment (#25) is GRANTED in part and DENIED in part.

- •   DENIED as to (1) Cooley's claim for Abuse of Discretion under Article 1, section 18 of the Nevada Constitution;
- •   DENIED as moot as to Cooley's claim for punitive damages;
- •   GRANTED as to all other claims.

Dated: July 28, 2011

_____
**ROGER L. HUNT**
**United States District Judge**

18