UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARC COOLEY, | Case No.: 2:09-cv-00559-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Sanctions–#59; Motion to Amend Complaint–#75; Motion for Hearing–#77) |
| J. MARSHAL; KAREN COYNE; KATHRYN OHARA; J. McCORMICK; S. MEADS, C. POLINENKER; JANE DOE, | |
| Defendants. | |

Before the Court is Plaintiff Frederick Marc Cooley's **Motion for Sanctions** (#59, filed June 30, 2011), **Motion to Amend Complaint** (#75, filed Aug. 12), and **Motion for Hearing** (#77, filed Aug. 12). The Court has also considered all the various oppositions and replies for these motions.

### BACKGROUND

This dispute arises out of Cooley's allegations that he was searched and arrested on March 13, 2009, by officers Joseph Marshall and Ty Mungie from the Las Vegas Metropolitan Police Department in violation of both the United States and Nevada Constitutions. Cooley alleges that after his arrest he was transported to the City of Las Vegas Detention Center. Cooley

1

alleges that while at the Detention Center he was subject to inhumane treatment by various Detention Center officers (the "City Defendants").  Specifically, Cooley alleges that he was chained to a bench and forbidden to use the restroom despite multiple requests.  Cooley eventually urinated on the floor near the bench to which he was chained.  There is a surveillance camera in the area where these events occurred that recorded the alleged misconduct.

Cooley now files this motion for sanctions asking the Court to dismiss "any and all of the City Defendants' claims or oppositions" because they failed to preserve the surveillance video from the night of these events.[1]  Cooley also requests an evidentiary hearing on this motion.  In addition, Cooley has filed a motion to amend his second amended complaint to include additional City Defendants and damages for emotional distress.  For the reasons discussed below, the Court grants Cooley's motion for sanctions, though it will impose different sanctions than those requested by Cooley.  The Court denies Cooley's other motions.

## DISCUSSION

I.      **Motion for Sanctions**

    A.      **Legal Standard**

A court has the inherent authority to sanction a party for spoliation of evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).  However, sanctions may issue only when the party had some notice that the evidence was potentially relevant to probable litigation. *United States v. $40,955.00 in United States Currency*, 554 F.3d 752, 758 (9th Cir. 2009); *In re Napster*, 462 F. Supp. 2d 1060, 1068 (N.D. Cal. 2006).  "Dismissal is an available sanction when 'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings.'" *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d. 337, 348 (9th Cir. 1995).  "Before imposing the 'harsh sanction' of dismissal, however, the district court should

---

[1] The Detention Center's video system has a self-deleting loop system, so after approximately 30 to 45 days a recording will "self-loop," meaning, it will be recorded over with new footage.  Thus, Cooley is not arguing that the City Defendants actually deleted the recording of the alleged events, he is arguing that the City Defendants purposefully allowed the recording to be self-looped, or recorded over with new footage.

2

consider the following factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id*.

**B.  Analysis**

Cooley asks the Court to dismiss "any and all of the City Defendants' claims or oppositions" because they failed to preserve a surveillance video of the booking area where the alleged conduct occurred. Cooley essentially asks the Court for a default judgment against the City Defendants.

The City Defendants argue that sanctions are improper because they were not on notice that litigation by Cooley was probable at the time the video self-looped. The Court disagrees. First, the fact that Cooley filed an inmate grievance two days after his detention should be sufficient grounds for the City Defendants to know that it is probable that litigation would ensue. The City Defendants argue that the grievance does not establish probability because the grievance was "resolved." However, the grievance was resolved in the City Defendants' favor and only because Cooley could not identify the names of the officers who committed the alleged misconduct. (#73, Reply, Ex. B, Inmate Grievance). To the contrary, it is reasonable to presume that the adverse outcome with his grievance at the Department of Detention would lead Cooley to pursue his allegations in another forum.

Furthermore, Sharon Meads, one of the named City Defendants, was assigned to review the surveillance video subsequent to Cooley's grievance being "resolved." (#73, Reply, Ex. D). In addition, on March 18, 2009, two days after the grievance was "resolved.," Cooley spoke with Jessica Watson (who apparently works at the Detention Center) and explained to her that he wanted to file a formal complaint. (*Id*. at Ex. C). Therefore, the Court finds that the City Defendants were on notice that litigation was probable with respect to the alleged misconduct.

///

1  The Court further finds that the City Defendants were on notice that a recording of the alleged
2  misconduct would be relevant evidence for the probable litigation.

3  The City Defendants also argue that sanctions are improper because the quality of
4  the video was poor and the video itself is of no "evidentiary value" to Cooley. Specifically, the
5  City Defendants also provide a declaration from Ray Christensen, a security systems technician
6  with the City of Las Vegas, in which he states that the surveillance camera at issue has a low
7  resolution, records only two frames per second, and does not record audio. Sharon Meads
8  reviewed the actual footage in question and claims that the quality of the video was poor. She
9  claims that it would be very difficult if not impossible to identify any particular person on the
10 video, let alone the person's facial features or statements.

11 However, the Court is not persuaded by this argument. Whether the quality of the
12 video is of any evidentiary value is for a jury or the Court to decide, not the Defendants. If, as
13 Meads and Christensen claim, the video was of no evidentiary value to Cooley then it certainly had
14 evidentiary value to the City Defendants. Because the City Defendants were on notice of probable
15 litigation it would have been to their advantage to preserve video evidence that hurts Cooley's
16 case. That the City Defendants instead allowed the video to be recorded over is highly suspect. It
17 is improper, therefore, for the Court to rely on their opinion that the video had no evidentiary value
18 when deciding this motion. Accordingly, because the City Defendants had notice that the
19 surveillance video was potentially relevant to probable litigation the Court finds that sanctions are
20 proper.

21 However, the Court finds that there is a less drastic sanction available than the one
22 Cooley requests. Rather than dismissing the City Defendants' "claims and oppositions," and
23 issuing a default judgment against them, the Court will give an adverse inference instruction
24 against the City Defendants similar to the Nevada jury instruction for willful suppression of
25 evidence. The Court finds that this sanction will serve the public's interest and that any prejudice
26 caused by the spoliation of the video will be remedied by the adverse inference instruction.

**II.     Motion for Evidentiary Hearing on Motion for Sanctions**

After reviewing all the briefs filed for Cooley's motion for sanctions, the Court finds that an evidentiary hearing is not necessary to dispose of the motion. The Court therefore denies Cooley's request for an evidentiary hearing on the motion for sanctions.

**III.    Motion to Amend Second Amended Complaint**

The Court denies Cooley's motion to amend because the last day to amend pleadings and add parties under the scheduling order was July 15, 2011, and this motion was filed August 12. (#48, Scheduling Order). In addition, Cooley failed to include a memorandum of points and authorities for his motion as required by Local Rule 7-2(a). Therefore, the Court denies Cooley's motion to amend.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Cooley's Motion for Sanctions (#59) is GRANTED. The Court sanctions the City Defendants by giving an adverse inference instruction against the City Defendants similar to the Nevada jury instruction for willful suppression of evidence.

IT IS FURTHER ORDERED that Cooley's Motion to Amend Complaint (#75) is DENIED.

IT IS FURTHER ORDERED that Cooley's Motion for Hearing (#77) is DENIED.

Dated: December 2, 2011

_____
ROGER L. HUNT
United States District Judge