# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK MARC COOLEY, | |
| Plaintiff, | Case No. 2:09-cv-00559-RLH-GWF |
| vs. | **ORDER** |
| J. MARSHAL; T. MUNGIE, *et al.*, | Motion to Compel Discovery (#99) |
| Defendants. | |

  This matter comes before the Court on Defendant Coynes' Motion to Compel Discovery Responses from Plaintiff (#99), filed on December 7, 2011.  No response was filed.

  On June 21, 2011, Defendant Coyne mailed her First Set of Interrogatories and First Set of Request for Production to Plaintiff.  Plaintiff, a pro se litigant, failed to timely respond.  On August 3, 2011, the parties held a telephonic conference to discuss the discovery.  Plaintiff stated that he would print his answers to the requests and mail them to Defendant later the next day.  On August 11, 2011, Defendant Coyne received Plaintiff's discovery responses.  Plaintiff's responses to the Interrogatories were incomplete, and Plaintiff failed to produce a single document.  Defendant again contacted Plaintiff and arranged a telephonic conference on August 23, 2011 to discuss his deficient answers.  During that phone call, Plaintiff stated that he would provide supplemental answers to the discovery requests.  To date, Plaintiff has failed to provide any supplemental answers to Defendant Coyne's discovery requests.  Defendant Coyne now moves the Court for an order compelling Plaintiff to fully and completely respond to Defendant Coyne's First Set of Interrogatories and provide all responsive documents to Defendant Coyne's First Request for Production of Documents.

Upon review of the discovery requests and Plaintiff's responses, the Court finds that Plaintiff's answers to the Interrogatories are deficient. Plaintiff provided broad and incomplete answers giving Defendant Coyne only a fraction of the information the Interrogatory requested. Plaintiff is required to provide specific, identifying information in response to the Interrogatories, including names, dates, and other requested information.

Further, Plaintiff's responses to Interrogatory Nos. 15, 16, and 18, which simply reference a response to another Interrogatory, are improper. The Federal Rules require that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). *See Landon v. Ernst & Young LLP*, 2009 WL 4723708, 2 (N.D.Cal. 2009) ("It is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories.") Plaintiff has had ample time to review the Interrogatories and draft complete responses to them as the Interrogatories were initially served on June 21, 2011. The Court will therefore order Plaintiff to fully and completely respond to each Interrogatory.

In response to the Requests for Production of Documents, Plaintiff objected to the First Request, which asks Plaintiff to produce all documents used to support his responses to the Interrogatories, stating that the documents requested are irrelevant and unnecessary. In response to each additional Request, Plaintiff references his response to Request No. 2, which objects on the grounds of relevance and further states that Defendants have the requested documents in their possession and references the City Defendants disclosures. The Court finds that Plaintiff's responses are improper. Upon review of the Request for Production, the Court finds that the requested documents are relevant and necessary to this action. Further, Plaintiff's responses to Requests Nos. 3-12, which simply reference his response to Request No. 2, are improper. Federal Rule of Civil Procedure 34(b) provides that a response to a request for production "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to [.]" Here, Plaintiff's objection is invalid, and Plaintiff failed to adequately identify the responsive documents. *C.T. v. Liberal School Dist*, 2008 WL

394217, 5 (D.Kan. 2008) (responding to a request for production by making a general reference to interrogatory answers, attached documents or initial disclosures is improper.)  The Court therefore orders Plaintiff to fully and completely respond to Defendant Coyne's Request for Production of Documents.  To the extent that Plaintiff believes the requested documents are already in Defendant's possession, Defendant must identify such document with particularity.

To date, Plaintiff has not responded to this motion and the time for opposition has now passed.  LR 7-2(d) states in pertinent part, that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  The Court therefore grants Defendant Coyne's motion, and orders Plaintiff to fully and completely respond to Defendant Coyne's discovery requests by January 20, 2012.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Coynes' Motion to Compel Discovery Responses from Plaintiff (#99) is **granted.**  Plaintiff shall fully and completely respond to Defendant Coyne's discovery requests no later than **January 20, 2012.**

DATED this 4th day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge