# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDERICK MARC COOLEY,

      Plaintiff,    Case No. 2:09-cv-00559-RLH-GWF

vs.            **ORDER**

J. MARSHAL and T. MUNGIE,

              Motion to Dismiss (#104)

      Defendants.

   This matter comes before the Court on City Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice for Failure to Cooperate with Discovery and to Comply with the Order to Compel (#104), filed on January 26, 2012 and Plaintiff's Opposition to City Defendant's Motion to Dismiss His Second Amended Complaint with Prejudice (#106), filed on February 13, 2012.

## BACKGROUND

   On June 21, 2011, the City Defendants[1] sent a First Set of Interrogatories and First Set of Request for Production to Plaintiff. Plaintiff, a pro se litigant, failed to timely respond. On August 3, 2011, the parties held a telephonic conference to discuss the discovery. Plaintiff stated that he would print his answers to the requests and mail them to Defendant later the next day. On August 11, 2011, the City Defendants received Plaintiff's discovery responses. Plaintiff's responses to the Interrogatories were incomplete, and Plaintiff failed to produce a single document. City Defendants again contacted Plaintiff and arranged a telephonic conference on August 23, 2011 to discuss his deficient answers. During that phone call, Plaintiff stated that he would provide

---

[1] Defendants Karen Coyne, Kathryn O'Hara, Jonathan McCormick, S. Meads, and C. Polinenker.

supplemental answers to the discovery requests. Plaintiff however failed to provide any supplemental answers to the City Defendants' discovery requests. The City Defendants subsequently filed a Motion to Compel (#99), which was granted by the Court on January 4, 2012. (*See* #101.) The Court ordered Plaintiff to respond to the discovery requests by January 20, 2012. Plaintiff failed to provide any additional discovery responses. Pursuant to Fed. R. Civ. P. 37, the City Defendants now request the Court dismiss Plaintiff's Second Amended Complaint based on Plaintiff's failure to participate in discovery and comply with the Court's Order (#101).

In response, Plaintiff explains that he was arrested on November 5, 2011 in Solano County. Plaintiff claims, that upon being arrested, he sent a letter to the Court informing them of his change of address. Plaintiff however failed to include the case number on that letter. In December of 2011, Plaintiff was informed by his son that all his legal mail concerning this case was being sent to his son's address, and not Plaintiff's current address in Solano County Jail. Plaintiff's son then attempted to forward the legal mail to Plaintiff; however, the Solano County jail returned the mail stating that it did not meet the jail criteria. In light of the above, Plaintiff claims that he never received Defendants' Motion to Compel (#99) or the Court's Order (#101) granting such, and therefore did not know that he was required to respond by January 20, 2012. Plaintiff therefore argues that dismissal is not warranted because his failure to comply with the Court's order was not willful or deliberate.

## DISCUSSION

Fed. R. Civ. P. 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the court may make such orders in regard to the failure, which may include, (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; or (v) dismissing the action or proceeding in whole or in part.

In regard to the severe sanction of dismissal, *Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir.1993), states:

> Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's

1
2
3
>need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir.1991) (citations and internal punctuation omitted).

The key factors are prejudice and the availability of lesser sanctions. *Henry*, 983 F.2d at 948 (citing *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990)). For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith by the losing party. *Henry*, 983 F.2d at 947-48 (citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)); *see also Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) and *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th Cir. 1998). Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. *Henry*, 983 F.2d at 948(citing *Fjelstad*, 762 F.2d at 1341). In deciding whether dismissal or default is warranted, the court may consider all of the offending party's discovery conduct. *Henry*, 983 F.2d at 947 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990)).

In this case, the Court finds that Plaintiff's failure to provide discovery responses and comply with the Court's order does not warrant dismissal of this action. Upon arrest, Plaintiff attempted to notify the Court of his change of address. The Court either never received the letter or could not properly file the letter due to the missing case number. Consequently, no change of address was noted on the docket until January 9, 2012, when the Plaintiff sent a subsequent Notice of Change of Address (#102). A review of the docket shows that up to November of 2011, Plaintiff had been actively participating in this case and corresponding with Defendants in an attempt to provide proper discovery responses. Plaintiff's arrest in November of 2011 and his subsequent inability to receive his legal mail are extenuating circumstances that explain Plaintiff's failure to comply.

The Court finds that Plaintiff's failure to participate in discovery and comply with the Court's orders was not willful or deliberate. The Court further finds any prejudice suffered by Defendants is outweighed by the public policy in favor of disposing of this case on its merits. Given the extenuating circumstances in this case, the Court finds no discovery sanctions are

warranted.  The City Defendants' motion is therefore denied.

In an effort to expedite discovery, the Court will order the Clerk of Court to mail Plaintiff a copy of Defendants' Motion to Compel (#99) and the Court's Order (#101).  Plaintiff can then review and respond to the discovery requests as ordered by the Court.  Given Plaintiff's current situation, the Court will grant Plaintiff 45 days from the date of this Order to comply with the Court's Order (#101) and produce discovery responses.  If Plaintiff is unable to provide Defendants with the discovery responses within 45 days, Plaintiff must inform the Court prior to the deadline. Accordingly,

**IT IS HEREBY ORDERED** that City Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice for Failure to Cooperate with Discovery and to Comply with the Order to Compel (#104) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff copy of Defendants' Motion to Compel (#99) and the Court's Order (#101) along with a copy of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Friday, May 25, 2012,** to comply with the Court's Order (#101) compelling discovery responses.

DATED this 10th day of April, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge