1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6              **DISTRICT OF NEVADA**

7

8    FREDERICK MARC COOLEY,                      )
                                                 )
9                          Plaintiff,            )    Case No. 2:09-cv-00559-RLH-GWF
                                                 )
10   vs.                                         )    **ORDER**
                                                 )
11   J. MARSHAL and T. MUNGIE,                    )
                                                 )    Motion to Dismiss (#104)
12                         Defendants.            )
     _____   )

13

14         This matter comes before the Court on City Defendants' Motion to Dismiss Plaintiff's

15   Second Amended Complaint with Prejudice for Failure to Cooperate with Discovery and to

16   Comply with the Order to Compel (#104), filed on January 26, 2012 and Plaintiff's Opposition to

17   City Defendant's Motion to Dismiss His Second Amended Complaint with Prejudice (#106), filed

18   on February 13, 2012.

19                              **BACKGROUND**

20         On June 21, 2011, the City Defendants[1] sent a First Set of Interrogatories and First Set of

21   Request for Production to Plaintiff.  Plaintiff, a pro se litigant, failed to timely respond.  On August

22   3, 2011, the parties held a telephonic conference to discuss the discovery.  Plaintiff stated that he

23   would print his answers to the requests and mail them to Defendant later the next day.  On August

24   11, 2011, the City Defendants received Plaintiff's discovery responses.  Plaintiff's responses to the

25   Interrogatories were incomplete, and Plaintiff failed to produce a single document.  City

26   Defendants again contacted Plaintiff and arranged a telephonic conference on August 23, 2011 to

27   discuss his deficient answers.  During that phone call, Plaintiff stated that he would provide

28

_____

[1] Defendants Karen Coyne, Kathryn O'Hara, Jonathan McCormick, S. Meads, and C. Polinenker.

1  supplemental answers to the discovery requests.  Plaintiff however failed to provide any

2  supplemental answers to the City Defendants' discovery requests. The City Defendants

3  subsequently filed a Motion to Compel (#99), which was granted by the Court on January 4, 2012.

4  (*See* #101.)  The Court ordered Plaintiff to respond to the discovery requests by January 20, 2012.

5  Plaintiff failed to provide any additional discovery responses.  Pursuant to Fed. R. Civ. P. 37, the

6  City Defendants now request the Court dismiss Plaintiff's Second Amended Complaint based on

7  Plaintiff's failure to participate in discovery and comply with the Court's Order (#101).

8         In response, Plaintiff explains that he was arrested on November 5, 2011 in Solano County.

9  Plaintiff claims, that upon being arrested, he sent a letter to the Court informing them of his change

10  of address.  Plaintiff however failed to include the case number on that letter.  In December of

11  2011, Plaintiff was informed by his son that all his legal mail concerning this case was being sent to

12  his son's address, and not Plaintiff's current address in Solano County Jail.  Plaintiff's son then

13  attempted to forward the legal mail to Plaintiff; however, the Solano County jail returned the mail

14  stating that it did not meet the jail criteria.  In light of the above, Plaintiff claims that he never

15  received Defendants' Motion to Compel (#99) or the Court's Order (#101) granting such, and

16  therefore did not know that he was required to respond by January 20, 2012.  Plaintiff therefore

17  argues that dismissal is not warranted because his failure to comply with the Court's order was not

18  willful or deliberate.

19                                          **DISCUSSION**

20         Fed. R. Civ. P. 37(b)(2) provides that if a party fails to obey an order to provide or permit

21  discovery, the court may make such orders in regard to the failure, which may include, (ii)

22  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or

23  from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; or (v)

24  dismissing the action or proceeding in whole or in part.

25         In regard to the severe sanction of dismissal, *Henry v. Gill Industries*, 983 F.2d 943, 948

26  (9th Cir.1993), states:

27              Because the sanction of dismissal is such a harsh penalty, the district
                court must weigh five factors before imposing dismissal: (1) the
28              public's interest in expeditious resolution of litigation; (2) the court's

                                               2

1    need to manage its dockets; (3) the risk of prejudice to the party
     seeking sanctions; (4) the public policy favoring disposition of cases
2    on their merits; and (5) the availability of less drastic sanctions.
     *Porter v. Martinez*, 941 F.2d 732,733 (9th Cir.1991) (citations and
3    internal punctuation omitted).

4    The key factors are prejudice and the availability of lesser sanctions. *Henry*, 983 F.2d at 948

5    (citing *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990)).  For dismissal to be proper, the

6    conduct to be sanctioned must also be due to willfulness, fault or bad faith by the losing party.

7    *Henry*, 983 F.2d at 947-48 (citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337

8    (9th Cir. 1985)); *see also Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348

9    (9th Cir. 1995) and *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th

10   Cir. 1998).  Disobedient conduct not shown to be outside the control of the litigant is all that is

11   required to demonstrate willfulness, bad faith or fault. *Henry*, 983 F.2d at 948(citing *Fjelstad*, 762

12   F.2d at 1341).  In deciding whether dismissal or default is warranted, the court may consider all of

13   the offending party's discovery conduct. *Henry*, 983 F.2d at 947 (citing *Adriana Int'l Corp. v.*

14   *Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990)).

15   In this case, the Court finds that Plaintiff's failure to provide discovery responses and

16   comply with the Court's order does not warrant dismissal of this action.  Upon arrest, Plaintiff

17   attempted to notify the Court of his change of address.  The Court either never received the letter or

18   could not properly file the letter due to the missing case number.  Consequently,  no change of

19   address was noted on the docket until January 9, 2012, when the Plaintiff sent a subsequent Notice

20   of Change of Address (#102).  A review of the docket shows that up to November of 2011, Plaintiff

21   had been actively participating in this case and corresponding with Defendants in an attempt to

22   provide proper discovery responses.  Plaintiff's arrest in November of 2011 and his subsequent

23   inability to receive his legal mail are extenuating circumstances that explain Plaintiff's failure to

24   comply.

25   The Court finds that Plaintiff's failure to participate in discovery and comply with the

26   Court's orders was not willful or deliberate.  The Court further finds any prejudice suffered by

27   Defendants is outweighed by the public policy in favor of disposing of this case on its  merits.

28   Given the extenuating circumstances in this case, the Court finds no discovery sanctions are

3

1    warranted.  The City Defendants' motion is therefore denied.

2          In an effort to expedite discovery, the Court will order the Clerk of Court to mail Plaintiff a

3    copy of Defendants' Motion to Compel (#99) and the Court's Order (#101).  Plaintiff can then

4    review and respond to the discovery requests as ordered by the Court.  Given Plaintiff's current

5    situation, the Court will grant Plaintiff 45 days from the date of this Order to comply with the

6    Court's Order (#101) and produce discovery responses.  If Plaintiff is unable to provide Defendants

7    with the discovery responses within 45 days, Plaintiff must inform the Court prior to the deadline.

8    Accordingly,

9          **IT IS HEREBY ORDERED** that City Defendants' Motion to Dismiss Plaintiff's Second

10   Amended Complaint with Prejudice for Failure to Cooperate with Discovery and to Comply with

11   the Order to Compel (#104) is **denied**.

12         **IT IS FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff copy of

13   Defendants' Motion to Compel (#99) and the Court's Order (#101) along with a copy of this order.

14         **IT IS FURTHER ORDERED** that Plaintiff shall have until **Friday, May 25, 2012,**  to

15   comply with the Court's Order (#101) compelling discovery responses.

16         DATED this 10th day of April, 2012.

17

18                                                    _____
     GEORGE FOLEY, JR.
19   United States Magistrate Judge

20

21

22

23

24

25

26

27

28