UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>J. MARSHAL, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:09-cv-00559-MMD-GWF<br><br>ORDER<br><br>(Defs.' Motion to Dismiss - dkt. no. 124;<br>Plf.'s Motion to Strike - dkt. no. 130) |

**I.　SUMMARY**

Before the Court are Defendants' Motion to Dismiss for Failure to Comply with the Order Regarding Motion for Settlement Conference (dkt. no. 124), as well as Plaintiff's Motion to Strike (dkt. no. 130). For reasons discussed below, both motions are denied.

**II.　BACKGROUND**

Defendants Karen Coyne, Kathryn O'Hara, Jonathan McCormick, S. Meads, and C. Polinenker ("City Defendants") move the Court to dismiss Plaintiff Frederick Marc Cooley's Complaint pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 41(b). (*See* dkt. no. 124.) City Defendants' Motion comes in the wake of Cooley's apparent failure to respond to various Court orders regarding his discovery obligations. The facts underlying this action are summarized in the Court's July 28, 2011, Order. (*See* dkt. no. 69.) The procedural background relevant to the determination of the instant motions is discussed below.

City Defendants served Cooley with their First Set of Interrogatories and First Requests for Production on June 21, 2011.  Cooley failed to respond to the discovery requests, prompting City Defendants to file a Motion to Compel on December 7, 2011.  (*See* dkt. no. 99.)  The Court granted the Motion to Compel on January 4, 2012, and required Cooley to comply fully with his discovery obligations no later than January 20, 2012.  (*See* dkt. no. 101.)

After Cooley again failed to provide additional discovery answers or responses, City Defendants filed their First Motion to Dismiss on January 26, 2012.  (*See* dkt. no. 104.)  On April 10, 2012, the Court denied the Motion in light of Cooley's apparent failure to receive the Court's previous order compelling production, and set a May 25, 2012, discovery response deadline.  (*See* dkt. no. 114.)

On May 11, 2012, Cooley notified the Court that he could not provide the discovery responses by the Court's deadline because he was incarcerated.  (*See* dkt. no. 118.)  In response, the Court ordered that Cooley comply with the Court's January 4, 2012, and May 10, 2012, orders, and specifically informed Cooley that no further extension of time to respond will be provided.  (*See* dkt. no. 121.)

Now City Defendants filed their Second Motion to Dismiss, informing the Court that Cooley had not provided the discovery responses sought by City Defendants, notwithstanding the three previous Court orders.  (*See* dkt. no. 124.)  Subsequent to the filing of the Motion, City Defendants filed a Supplement noting that although Cooley did not timely respond to their Motion, he provided his discovery responses after City filed its Motion.  (*See* dkt. no. 128.)  Nonetheless, City Defendants claim that the responses are still deficient, and ask to dismiss Cooley's claims.

On August 24, 2012, over six weeks after City Defendants filed their Second Motion to Dismiss, Cooley responded by noting that he received the Second Motion on August 8, 2012 and that he provided discovery responses in as complete a fashion as he could.  (*See* dkt. no. 129.)  Cooley also filed a brief Motion to Strike the City Defendants' Supplement, but misunderstood the Supplement as another motion.  (*See*

dkt. no. 130.)  The Court denies Cooley's Motion to Strike as it has not stated adequate grounds to strike City Defendants' filing, and turns to addressing their Motion to Dismiss.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to impose sanctions upon a party for failing to obey a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  Rule 37(b)(2)(A) states, "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  Rule 37(b)(2)(A) lists possible sanctions that may include directing that designated facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, and dismissing the action in whole or in part.  Fed. R. Civ. P. 37(b)(2)(A).

A district court has the discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties."  *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir.1990) (*citing National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639 (1976)).  Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Wanderer*, 910 F.2d at 656 (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987)).

### IV.   DISCUSSION

Cooley represents to the Court that he received City Defendants' Motion to Dismiss on August 8, 2012.  Seeing no grounds to dispute this representation, the Court notes that his Response filed on August 24, 2012, would therefore be timely.  Accordingly, City Defendants' invocation of Local Rule 7-2(d) is inappropriate.

Since City Defendants ultimately received Cooley's discovery responses after filing their Motion, the sole question before the Court is whether the alleged inadequacy of the discovery responses justify dismissing Cooley's claims.  This is not the first time Cooley provided incomplete discovery responses.  The original Order granting City Defendants' Motion to Compel noted that Cooley's discovery responses were inadequate and incomplete.  (*See* dkt. no. 101.)  In contrast, the recent discovery responses produced by Cooley appear to be more complete.  (*See* dkt. no. 128-A.)  As the "extreme" sanction of dismissal is warranted only if there is "flagrant, bad faith disregard of discovery duties," the Court declines to grant City Defendants' Motion in light of Cooley's timely response and his responses of the required discovery.  Although Cooley failed to heed Court orders during the course of this case's prosecution, the Court will not dismiss this case under Rule 37(d) absent a showing of bad faith or flagrant disregard of discovery duties.  Challenges to the sufficiency of Cooley's responses can be brought in a motion to be heard by the presiding Magistrate Judge who is better situated to appraise his discovery conduct in light of Rule 37's strict standards.

**V.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that City Defendants' Motion to Dismiss (dkt. no. 124) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (dkt. no. 130) is DENIED.

DATED THIS 20th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE