UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>J. MARSHAL., et al.,<br><br>Defendants. | Case No. 2:09-cv-00559-MMD-GWF<br><br>ORDER |

Before the Court is Plaintiff's Motion for Sanctions for the LVMPD and City Defendant's Failure to Comply with the Court's Order to Prepare Joint Pretrial Order. (Dkt. no. 141.) The Court had ordered for the proposed joint pretrial order ("PJPO") to be filed by May 24, 2013. However, to date, the parties have not been able to reach agreement on a PJPO and only Defendants have complied with the Court's December 4, 2013, Order to file a separate proposed pretrial order if no agreement is reached on a PJPO by December 9, 2013. While the parties have been dilatory in submission of the PJPO, which is not a difficult task, the Court does not find that Defendants' conduct amounts to bad faith. Plaintiff's Motion is therefore denied.

On March 20, 2013, the Court issued an Order denying City Defendants' Motion to Dismiss for Failure to Comply with Order Regarding Motion for Settlement Conference ("Motion to Dismiss"). (Dkt. no. 134.) Defendants' Motion to Dismiss sought dismissal based on Plaintiff's apparent failure to respond to various Court orders regarding his discovery obligations. On April 26, 2013, the Court issued an order

establishing May 24, 2013 as the deadline for the parties to file the PJPO. (Dkt. no. 135.) On May 8, 2013, City Defendants moved to amend the discovery plan and scheduling order, seeking to extend the deadlines for completing discovery, filing dispositive motion and filing the joint pretrial order. (Dkt. no. 136.) On June 6, 2013, the Court denied City Defendants' motion, noting that City Defendants filed their Motion to Dismiss one day before the discovery cutoff, made no efforts to secure an extension during the eight (8) months that the Motion to Dismiss was pending and waited nearly two months after the denial of the Motion to Dismiss before filing their motion seeking to extend the deadlines. (Dkt. no. 140.)

Plaintiff asserts that he has made numerous attempts to engage Defendants' counsel to discuss the preparation of the PJPO both before and after the Court established May 24, 2013 deadline. Plaintiff further asserts that Defendants' counsel have essentially refused to confer. Specifically, they assert that LVMPD's counsel had scheduling conflicts and then deferred to City Defendants' counsel, who refused to confer on the basis that City Defendants planned to seek an extension of the deadlines in the operative scheduling order. Plaintiff first reached out to Defendants' counsel in an April 8, 2013, email and again in a May 1, 2013, email. While City Defendants' counsel took the position that his clients planned to seek an extension as early as April 8, 2013, City Defendants did not file the motion for extension until a month later, on May 8, 2013. After the Court denied City Defendants' motion for extension, Plaintiff sent another email on June 12, 2013, to request a conference to discuss the joint pretrial order. On June 13, 2013, City Defendant's counsel responded that they should wait for LVMPD's counsel to return to the office and that "as mentioned before, the City plans to file a dispositive motion." (Dkt. no. 141, Ex. L.) Plaintiff argues that City Defendant's counsel filed frivolous motions to delay submission of the PJPO while LVMPD's counsel simply acquiesced and contributed to the delay.

Plaintiff seeks sanctions under Local Rules IA 4-1 and 16.1-21. LR IA 4-1 provides that the Court may impose sanctions on an attorney or a party appearing pro

2

se who fails to comply with the Court's rules or orders without just cause. LR 16.1-21 requires counsel to make a good faith effort to participate in the meet and confer process. The Court agreed with LVMPD's counsel that he did not decline to confer with Plaintiff. As for City Defendants' counsel, the Court does not find that City Defendants lacked just cause or acted in bad faith in seeking to defer discussion of the PJPO while they sought an extension of the deadlines in the scheduling order.

It is ordered that Plaintiff's Motion for Sanctions for the LVMPD and City Defendant's Failure to Comply with the Court's Order to Prepare Joint Pretrial Order (dkt. no. 141) is denied.

DATED THIS 23rd day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE