1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7

8 FREDERICK MARC COOLEY,                          )
                                                 )
9                            Plaintiff,           )    Case No. 2:09-cv-00559-MMD-GWF
                                                 )
10 vs.                                            )    **ORDER**
                                                 )
11 J. MARSHAL, et al.,                            )    Motion for Reimbursement of
                                                 )    Costs (#176); Motion for a Pretrial
12                            Defendants.         )    Conference (#174)
   _____ )

13

14         This matter comes before the Court on Plaintiff's Motion for Reimbursement of Costs

15 (#176), filed on August 11, 2014.  The City Defendants filed their Opposition (#177) on August 20,

16 2014.  This matter is also before the Court on Plaintiff's Motion for a Pretrial Conference (#174),

17 filed on July 30, 2014.  The Las Vegas Metropolitan Police Department ("LVMPD") Defendants

18 filed their Opposition (#175) on August 11, 2014.  Plaintiff filed his Reply (#178) on August 20,

19 2014.

20                                      **BACKGROUND**

21         This dispute arises out of Plaintiff's 42 U.S.C. § 1983 civil rights action alleging that on

22 March 13, 2009, he was searched and arrested in violation of the Constitution.  *See Dkt. #1.*  The

23 trial date was initially set for August 12, 2014.  *See Dkt. #154.*  On July 23, 2014, the City

24 Defendants filed an emergency motion to continue the trial date because of a witness' pregnancy

25 and imminent expected delivery date.  *See Dkt. #168.*  Judge Du ordered the City Defendants to

26 supplement their emergency motion to explain why the conflict relating to the witness' expected

27 delivery schedule was raised only weeks before the trial when the parties were on notice of the trial

28 since December 20, 2013.  *See Dkt. #170.*  In the Supplemental Motion (#171), defense counsel for

1   the City defendants represented that he previously met with the witness well in advance of her

2   pregnancy and was not informed of her condition and imminent due date until August 4, 2014,

3   when he met with her in preparation for the pending trial. *See Dkt. #171*. Defense Counsel

4   represented that attempts to stipulate to a continuation were futile. *Id*. On July 24, 2014, Judge Du

5   granted the City Defendants' motion and continued the trial date to November 18, 2014. *See Dkt.*

6   *#172*. On July 28, 2014, Plaintiff filed his Opposition (#173) to the City Defendants' motion.

7   Therein, Plaintiff indicated that he would suffer substantial prejudice if the trial was continued

8   because he paid a non-refundable $1,100 deposit for rent to accommodate his stay in Las Vegas

9   from July 30, 2014 through August 20, 2014 for the initially scheduled trial. *See Dkt. #173*.

10  Plaintiff subsequently filed his present Motion for Reimbursement of Costs (#176), therein

11  requesting that the City Defendants be ordered to reimburse him for his non-refundable rent

12  payment. *Id*. Plaintiff also filed a Motion Requesting a Pretrial Conference (#174), therein

13  representing that, should the Court deny Plaintiff's motion for reimbursement of costs, he will be

14  unable to afford the travel expenses associated with the November trial. *See Dkt. #174*. Plaintiff

15  requests this Court either order the City Defendants to reimburse his non-refundable deposit, or in

16  the alternative, schedule a pretrial conference so that the Court can facilitate an alternative, just,

17  speedy and inexpensive disposition of the action. *See Dkt. #178*.

18      Costs may be awarded to a prevailing party under Fed. R. Civ. P. 54(d). *See Amarel v.*

19  *Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997). Costs may also be awarded as a sanction for

20  discovery abuses under Fed. R. Civ. P. 37. *See Richmark Corp. v. Timber Falling Consultants*, 959

21  F.2d 1468, 1482 (9th Cir. 1992). The party seeking an award has the burden of establishing its

22  eligibility. *See Love v. Reilly,* 924 F.2d 1492, 1494 (9th Cir. 1991). Prevailing *pro se* litigants in §

23  1983 actions are entitled to recover reasonable costs to the same extent that an attorney could under

24  42 U.S.C. § 1988, with the exception of an award of attorneys' fees. *See Burt v. Hennessey*, 929

25  F.2d 457, 459 (9th Cir. 1991); *see also Merrell v. J.R. Block*, 809 F.2d 639, 642 (9th Cir. 1987).

26      Here, Plaintiff's motion is premature because Plaintiff is neither a prevailing party, nor has

27  the Court issued the City Defendants a sanction for discovery abuses. Rather, in granting the City

28  Defendants' motion to continue the trial, the Court found that the City Defendants "demonstrated

1    good cause in support of their brief request for a continuance of trial." *See Dkt. #172*.  Having no

2    legal basis with which to grant Plaintiff an award of costs at this time, the Court must deny

3    Plaintiff's motion without prejudice.  Plaintiff may bring his motion for costs for reconsideration at

4    a later date if he prevails on his action.  Furthermore, the Court does not find good cause to

5    schedule a pretrial conference at this time.  A new trial date has been set and the Court does not see

6    any issues that need be addressed in a pretrial conference at this stage of the case.

7           **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reimbursement of Costs (#176) is

8    **denied** without prejudice.

9           **IT IS FURTHER ORDERED** that Plaintiff's Motion for a Pretrial Conference (#174) is

10   **denied** without prejudice.

11          DATED this 22nd day of August, 2014.

13                                                                   _____
                                                                     GEORGE FOLEY, JR.
14                                                                   United States Magistrate Judge