UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>                     Plaintiff,<br>    v.<br><br>J. MARSHAL., et al.,<br><br>                     Defendants. | Case No. 2:09-cv-00559-MMD-GWF<br><br>ORDER |

**I.    SUMMARY**

Before the Court are Defendants Karen Coyne, Kathryn O'Hara, Jonathan McCormick, S. Meads, and C. Polinenker's ("City Defendants") two motions in limine. (Dkt. nos. 162, 163.) Motion in limine no. 1 (dkt. no. 162) seeks to exclude evidence relating to settlement negotiations. Motion in limine no. 2 (dkt. no. 163) seeks to exclude evidence of damages for Plaintiff's failure to comply with Fed. R. Civ. P. 26. Plaintiff did not respond to motion in limine no. 1. He opposes motion in limine no. 2. (Dkt. no. 164.) City Defendants filed a reply (dkt. no. 167) without leave of court.[1]

**II.    LEGAL STANDARD**

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is a preliminary motion that is entirely within the discretion of the Court. *See*

---

[1] LR 16-3(b) provides that reply briefs will be permitted only with leave of the court. While City Defendants did not seek leave to file its reply, the Court has considered City Defendants' reply.

*Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

**III.    MOTION IN LIMINE NO. 1 (DKT. NO. 162)**

City Defendants seek to exclude evidence relating to the parties' settlement discussions under Fed. R. Evid. 408. Plaintiff has not opposed City Defendants' request. Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see also Abbott v. United Venture Capital, Inc.,* 718 F. Supp. 828, 831 (D. Nev. 1989). Moreover, the Court agrees with City Defendants that evidence pertaining to settlement negotiations is inadmissible. City Defendants' Motion in Limine No. 1 is granted.

///

///

## IV. MOTION IN LIMINE NO. 2 (DKT. NO. 163)

### A. Background

The facts underlying this action are summarized in the Court's July 28, 2011, Order. (*See* dkt. no. 69.) Because City Defendants seek exclusion of evidence of damages as sanctions for discovery violations, the Court will briefly summarize the procedural background relevant to discovery in this case.

Plaintiff initiated this action on March 25, 2009. (Dkt. no. 1.) Plaintiff was granted leave to amend to assert claims against City Defendants on September 27, 2010, who responded to the Amended Complaint on February 9, 2011. (Dkt. nos. 22, 33.) City Defendants contend that after they appeared in the case, they made numerous requests for a copy of Plaintiff's Initial Disclosures, which Plaintiff failed to provide. (Dkt. no. 163 at 3.) City Defendants then attempted to obtain damages information from Plaintiff by way of written discovery requests. (*Id.*) Plaintiff responded but City Defendants claim his response failed to provide them with information on his computation of damages. (*Id.*) Plaintiff does not appear to dispute that he did not provide Initial Disclosures to City Defendants.

### B. Discussion

City Defendants argue that the Court should exclude any evidence or testimony relating to Plaintiff's alleged damages and to limit his recovery to nominal damages in the amount of one dollar ($1.00) as sanctions pursuant to Fed. R. Civ. P. 37(c)(1) for Plaintiff's failure to comply with his Rule 26(a) disclosures. They contend that they are harmed because they are unaware of Plaintiff's alleged damages and his discovery response failed to provide meaningful information, including any itemization or calculation of his damages. Plaintiff counters that his failure to provide damage computation is justified and harmless because City Defendants are aware of his damages through the parties' settlement discussions and Plaintiff does not intend to call an expert witness to testify as to his damages. He further contends that City Defendants

///

should not complain about their inability to obtain information as to his damages given their decision not to depose him.

Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party." Rule 26(e)(1)(A) further requires the disclosing party to timely supplement or correct his disclosures or responses to discovery requests. When a party violates Rule 26, the information required to be disclosed may be excluded unless "the failure was substantially justified or is harmless." Fed. R. Civ. 37(c)(1). Plaintiff has the burden of demonstrating that his failure is justified or harmless. *See Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008). Generally speaking, a *pro se* litigant's lack of knowledge as to the requirement to make Rule 26(a)(1)(A) disclosures is deemed "harmless" under Rule 37. *See Green v. Baca*, 226 F.R.D. 624, 655 (C.D. Cal. 2005). A district court is vested with discretion to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

As noted, Plaintiff does not dispute that he failed to provide his Initial Disclosures to City Defendants, including disclosures relating to his computation of damages, or to supplement his discovery response on the question of damages.[2] Plaintiff argues that his failure is justified because he does not intend to present any expert witness at trial to testify on the issue of damages. However, Rule 26(a)(1)(A)(iii) disclosure requirements do not create any exception for testimony by a party. The fact that Plaintiff plans to offer his own testimony does not justify his failure to disclose "a computation of each category of damages." Fed. R. Civ. P. 26(a)(1)(A)(iii). Even accepting his misunderstanding about Rule 26(a)'s disclosure requirements, this does not explain why Plaintiff failed to supplement his discovery response.

///

---

[2] In his response to Interrogatory No. 6, Plaintiff stated that "[w]hen the court confirms whether I can proceed with my "Third Amended Complaint", I will provide additional damages to City Defendants." (Dkt. no. 163-4 at 7.) Plaintiff does not dispute that he did not supplement his response.

4

1    Plaintiff's alternative argument that his failure is harmless presents a closer question for the Court. Plaintiff argues that City Defendants are aware of his damages because of the parties' settlement negotiations. While Plaintiff failed to disclose his computation of damages, he did identify, in response to an interrogatory, the lump sum amounts that he plans to seek against certain individual City Defendants. (Dkt. no. 163-4 at 6-7.) City Defendants did not seek to compel a more detailed response[3] and do not dispute that they decided not to depose Plaintiff. The Court in no way suggests that a party must compel information that the other party is obligated to disclose under Rule 26. However, in light of the fact that Plaintiff is a *pro se* litigant, the parties engaged in settlement negotiations and Plaintiff responded to City Defendants' interrogatory as to his damages, any resulting harm could have been avoided through Plaintiff's deposition. Under these circumstances, excluding all evidence of damages at trial would be a particularly severe sanction on a *pro se* litigant.

However, the Court finds that the following measures are appropriate to cure the potential harm to City Defendants from Plaintiff's use of previously undisclosed information. Plaintiff is precluded from offering any documents that he has not disclosed in discovery to support his claimed damages. Plaintiff is also precluded from seeking more than the amount of damages he identified in his response to Interrogatory No. 6. (Dkt. no. 163-4 at 6-7.)

///
///
///
///
///

---

[3] In a previous filing, City Defendants suggested that Plaintiff's discovery responses were inadequate. (Dkt. no. 128.) As the Court noted then, "[c]hallenges to the sufficiency of Cooley's responses can be brought in a motion to be heard by the presiding Magistrate Judge who is better situated to appraise his discovery conduct in light of Rule 37's strict standards." (Dkt. no. 134 at 4.)

**V.  CONCLUSION**

It is therefore ordered that City Defendants' motion in limine no. 1 (dkt. no. 162) is granted. It is further ordered that City Defendants' motion in limine no. 2 (dkt. no. 163) is granted in part and denied in part.

DATED THIS 23rd day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE