UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARC COOLEY, | Case No. 2:09-cv-00559-MMD-GWF |
| Plaintiff, | ORDER |
| v. | |
| SHARON MEADS, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

Before the Court is Plaintiff Frederick Marc Cooley's motion for costs and post-judgment interest ("Motion") (ECF No. 285).[1] The Court finds that Cooley is not entitled to the costs he requests and that he should be awarded a much smaller award of post-judgment interest than he seeks. Accordingly, the Court will grant the Motion in part and deny it in part.

**II.  BACKGROUND**

The Clerk entered judgment in favor of Cooley and against Defendant Sharon Meads for damages in the amount of $10,000.00 pursuant to a jury verdict. (ECF No. 228.) On June 28, 2018, the Ninth Circuit Court of Appeals affirmed this Court's denial of Meads' motion for judgment as a matter of law. (ECF No. 240.) The appellate court also concluded that this Court erred in not providing a punitive damages instruction and remanded for a new trial solely on that issue. (*Id.* at 4.) That trial was held on January 8–10, 2019. (*See, e.g.*, ECF Nos. 270, 273, 274.) The jury found for Cooley and awarded him $2,200.00 in punitive damages. (ECF No. 273.)

///

///

---

[1] In addition to the Motion, the Court has considered Meads' response (ECF No. 286). Cooley did not reply.

## III. DISCUSSION

Cooley seeks an award of costs in the amount of $4,380.58 for his travel expenses related to attending both trials. (ECF No. 285 at 3.) Cooley breaks down his travel expenses into his total round trip miles, between Vallejo, California—where he resides— and Las, Vegas, Nevada, as well as $400 for gas and $450 for lodging. (*Id.* at 6–10.) He specifically calculates his mileage based on the fees allowed for trial witnesses. (*Id.* at 3, 19.) Meads challenges Cooley's request, arguing that Cooley cannot recover such costs. (ECF No. 286 at 2–3.) The Court agrees with Meads. *See, e.g.*, 28 U.S.C. § 1920 (not including recovery of mileage and travel expenses by a party as taxable costs); *Delehant v. United States*, No. 3:10-CV-178-AC, 2012 WL 6455808, at *3 (D. Or. Dec. 13, 2012) (citations omitted) ("Although Delehant did testify as a fact witness at trial, the prevailing view in the Ninth Circuit is witness fees are not allowed to parties."); *Gillam v. A. Shyman, Inc.*, 31 F.R.D. 271, 273 (D. AK. 1962) ("Witness fees in the federal court are not allowed to parties to the action."). Accordingly, the Court denies Cooley's request for cost based on his travel expenses.

While the Court finds that Cooley is entitled to post-judgment interest, he is not entitled to the large sum he requests based on the applicable interest calculation. In a civil case brought in federal court, post-judgment interest is mandatory under 28 U.S.C. § 1961. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995); 28 U.S.C. § 1961(a). Such interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . ." 28 U.S.C. § 1961(a). Cooley seeks post-judgment interest of $2,255.00 improperly based on state law and as of November 19, 2014, when the jury returned verdict in his favor. (ECF No. 285 at 3–4.) Meads argues that under § 1961 Cooley is entitled to $105.40. (ECF No. 286 at 3, 5 (affidavit including the post-interest calculation).) This is the amount owed from the date the Clerk entered the relevant damage award, August 3, 2015 (ECF No. 228), through when Meads issued the $10,000 check for damages, October 10, 2018 (ECF No.

///

285 at 15). (ECF No. 286 at 3, 5.) The Court agrees with Meads and will therefore enter post-judgment interest for Cooley in the amount of $105.40.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Cooley's motion for costs and post-judgment interest (ECF No. 285) is granted in part and denied in part. The Court denies the requested costs but grants Cooley's request for post-judgment interest in the amount of $105.40. The Clerk is directed to enter judgment in accordance with this order.

DATED THIS 4th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE